## GUADALUPE, PETITIONER, *v.* BERGA, DISTRICT JUDGE, RESPONDENT.

## PETITION for a Writ of Certiorari to the District Court of Humacao.

### No. 316.—Decided March 31, 1921.

APPEAL.—An appeal having been filed in the district court from a judgment of a municipal court after the time allowed by Act No. 13 of 1917, the appeal must be dismissed although the transcript may have been filed before the motion to dismiss was made. District courts can not apply by analogy Rule 58 of the Supreme Court.

The facts are stated in the opinion.

*Mr. F. González* for the petitioner.

The respondent did not appear.

*Mr. R. López Antongiorgi* for the adverse party.

MR. JUSTICE WOLF delivered the opinion of the court.

In an application for a writ of certiorari complaint is made of the action of the District Court of Humacao in dismissing an appeal from the Municipal Court of Vieques. The writ having issued, the record of the district court is duly before us.

The petitioner of course concedes that Act No. 13 of November 14, 1917, requires that on appeal from a municipal court the transcript should be filed in the district court within twenty days from the time of the notice of appeal and he admits that the transcript was not filed within that time. He maintains, however, that as the transcript was actually filed before motion to dismiss, Rule 58 of this court is by analogy applicable. The rule is as follows:

"58. If the transcript of the record or the brief made by appellants be not filed within the time prescribed the appeal may be dismissed, on motion, after notice given. If the transcript, though not filed within the time prescribed, be on file at the time such notice is given, that fact shall be sufficient answer to the motion."

It should be noticed that the law of 1911 regulating ap-

peals to this court made no provision for dismissals and Rule 58 formulated before that time continued to apply. Act No. 13 of November 14, 1917, is as follow:

## "An Act

"TO AMEND SECTION 1 OF AN ACT ENTITLED 'AN ACT TO REGULATE APPEALS FROM JUDGMENTS OF MUNICIPAL COURTS IN CIVIL CASES' APPROVED MARCH 11, 1908.

*"Be it enacted by the Legislature of Porto Rico:*

"Section 1.—That section 1 of an act entitled 'An Act to regulate appeals from judgments of municipal courts in civil cases,' approved March 11, 1908, be and the same is hereby amended to read as follows:

" 'Section 1.—When a municipal court has entered judgment in a civil case, disposing finally of the case, any party to the action who considers himself aggrieved, may appeal to the district court for the judicial district in which the municipal court is situated. He shall make the appeal by serving a written notice thereof upon the secretary of the municipal court within ten days following that on which notice of judgment shall have been served on the party against whom judgment was rendered, or on his attorney, and by serving like notice within a like period on the adverse party or on his attorney.

" 'Within twenty days after such notice of appeal has been filed the appellant shall file in the office of the secretary of the proper district court a transcript of each and every allegation, motion, order and of the final judgment and notice of appeal upon delivery of a copy of the said transcript to the adverse party or to his attorney. The said transcript shall be certified to by the attorney for the parties, or by the latter, in regard to its accuracy, and within five days after said transcript has been filed, the appellee may request the district court, and the latter may enter an order, if proper, to provide that any allegation, document, order or writing which appears in the record of the municipal court, but has been omitted and is necessary for the proper decision of the case, be attached to the record of the same.

" 'If the attorney or the parties should refuse or fail to agree

to certify the said copy or record, then the secretary of the municipal court shall do so upon request of the appellant.

" 'If the transcript is not filed in the district court within the time prescribed or within such additional time as may have been granted by the court for the purpose, the appeal shall be dismissed.' "

There are other sections which have no bearing.

The act is imperative on its face. The appellant may have his time extended for filing the transcript, but if he fails to file the transcript within the time or obtain an extension, the court, it appears, has no discretion except to dismiss the appeal. It is the Legislature under authority of section 40 of the Organic Act that has fixed the manner in which appeals should be taken and provided for the dismissal thereof. Other than the exceptions noted, no residuary power was left in the district court and the act does not appear to be an invasion of judicial power. While it is true that the district court acquired jurisdiction by reason of the notice of appeal, yet it was also required to dismiss under the provisions of the act. The appellant, although he filed his transcript later, failed to comply with the law and we do not see that the court had a discretion to excuse his delay. 4 C. J. 464, where it was said in effect that these statutes or rules in regard to the transmission of the transcript cannot be modified or dispensed with by order or action of the court, or waived by the parties. Of course, this citation is to be taken with the exceptions as to extensions enumerated in the act itself.

Even if the court had a discretion to extend after the time fixed by law, the appellant did nothing to avail himself of such a discretion. He insisted on a legal right.

The writ must be annulled.

*Writ discharged.*

Chief Justice Hernández and Justices Del Toro, Aldrey and Hutchison concurred.